**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America,          ) | No. 13-1799M |
|                                     ) |  |
|          Plaintiff,                 ) | **ORDER OF DETENTION** |
|                                     ) |  |
| vs.                                 ) |  |
|                                     ) |  |
|                                     ) |  |
| Christopher Salcedo-Lechuga,        ) |  |
|                                     ) |  |
|          Defendant.                 ) |  |
|                                     ) |  |
|                                     ) |  |

     In accordance with Title 18 U.S.C. § 3142 of the Bail Reform Act, a detention hearing was held in the above-captioned matter.  The Court finds that the Government has established: (Check one or both, as applicable)

☐ by clear and convincing evidence, Defendant is a danger to the community and shall be detained pending trial.

☒ by a preponderance of the evidence, Defendant is a serious flight risk and shall be detained pending trial.

**PART I -- FINDINGS OF FACT**

☒ (1) There is probable cause to believe that Defendant has committed the following:

    ☒ an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. §§ 841(a)(1) and 952, 960, and 963.

☐ an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332(b).

☐ an offense listed in 18 U.S.C. § 2332b(g)(5)(B) (crimes of terrorism) for which a maximum term of imprisonment of ten years or more is prescribed.

☐ an offense involving a minor victim prescribed in _____.

☐ (2) Defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure Defendant's appearance as required at future court proceedings and the safety of the community.

**Alternative Findings**

☒ (1) There is a serious risk that Defendant will flee and no condition or combination of conditions will reasonably assure Defendant's appearance as required at future court proceedings.

☐ (2) No condition or combination of conditions will reasonably assure the safety of the community or others if Defendant were released from detention.

☐ (3) There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror).

☐   (4) _____

_____

**PART II -- WRITTEN STATEMENT OF REASONS FOR DETENTION**
(Check one or both, as applicable)

☐ (1) The Court finds that credible testimony and information submitted at the hearing establish by clear and convincing evidence as to danger that:

- 2 -

☒ (2) The Court finds by a preponderance of the evidence as to risk of flight that:

☐ Defendant has no significant contacts in the District of Arizona;

☐ Defendant has no resources in the United States from which he/she might make a bond reasonably calculated to assure his/her future appearance;

☐ Defendant has a prior criminal history;

☐ Defendant has a record of failure(s) to appear in court as ordered;

☐ Defendant attempted to evade law enforcement contact by fleeing from law enforcement;

☒ Defendant is facing a minimum mandatory of ten years incarceration and a maximum of life if Defendant goes to trial and is convicted;

☐ Defendant does not dispute the information contained in the Pretrial Services Report, and all supplements, if any, except:

_____

☒ In addition:

1. Although a U.S. citizen, when Defendant was in the seventh grade he moved to Mexico Since that time, Defendant has traveled back and forth between Yuma, Arizona, and San Luis, Sonora, Mexico; 2. Defendant's mother reported his substance abuse has led him to steal from her too many times and she is not willing to return to her San Luis, Arizona, residence for the sole purpose of assisting Defendant; 3. Defendant has been unemployed since January 2013; 4. Defendant, now age 19, first used marijuana at the age of twelve, used methamphetamine at the age of twelve, and attended a drug rehabilltation center for two months in San Luis, Mexico, at the age of thirteen; 5. Defendant's mother reported she has placed in him treatment programs **four times** over the years and his substance abuse has only gotten worse; 6. With his admissions, the Government has a very strong

<u>case against Defendant; 7. With his ties to Mexico, significant substance abuse issues, and the strength of the case against him, Defendant is a high risk to flee if released.</u>

The Court incorporates by reference the findings of the Pretrial Services report and all supplements, if any, which were reviewed by the Court at or before the time of the hearing in this matter.

## PART III -- DIRECTIONS REGARDING DETENTION

**IT IS ORDERED** that Defendant is hereby committed to the custody of the Attorney General or his/her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. 18 U.S.C. § 3142(i)(2). Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. 18 U.S.C. § 3142 (i)(3). Upon order of a court of the United States or request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal Service for the purpose of an appearance in connection with a court proceeding. 18 U.S.C. § 3142(i)(4).

## PART IV -- APPEALS AND THIRD PARTY RELEASE

**IT IS FURTHER ORDERED** that should a review of this detention order be filed pursuant to 18 U.S.C. § 3145, it is the responsibility of the movant's attorney to deliver a copy of the motion for review to U.S. Pretrial Services, at least, one day prior to the review hearing set before the assigned District Judge. Pursuant to Rule 59(a), Fed.R. Crim.P. (2010), a party seeking review shall have **fourteen (14) days** to file a motion for review after being served with a copy of this written order, after the oral order is stated on the record, or at some other time the assigned District Judge may set. Failure to timely file a motion for review in accordance with Rule 59(a) may waive the right to review. Rule 59(a), Fed.R.Crim.P.

**IT IS FURTHER ORDERED** that the issue of detention may be reopened at any

1 time before trial upon a finding that information exists that was not known to the movant
2 at the time of the detention hearing and such information has a material bearing on the
3 issue whether there are conditions of release that will reasonably assure the appearance of
4 Defendant as required and the safety of any other person and the community. Title 18
5 U.S.C. § 3142(f).

6     DATED this 24th day of June, 2013.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge